UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WYCLIFFE H. ODONOGHUE,

    Plaintiff,

v.                        Case No.:  2:24-cv-479-SPC-KCD

CHARLES P. GUFFORD,

    Defendant.
_____/

## REPORT & RECOMMENDATION

Plaintiff Wycliffe H. Odonoghue sues Defendant Charles P. Gufford under 42 U.S.C. § 1983, claiming Gufford violated his constitutional rights. (Doc. 1.)[1] Odonoghue moved to proceed *in forma pauperis*, but his motion was denied because "the form he submitted does not provide enough information to assess whether he is eligible" for such relief. (Doc. 2, Doc. 6.) Odonoghue was directed to "complete and file a more detailed IFP application" or pay the filing fee by July 1, 2024. (Doc. 6.) He was warned that the failure to comply would cause the Court to recommend dismissal. (*Id.*) No new IFP motion has been filed.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Ignoring the Court's order is grounds for dismissal. "A plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." M.D. Fla. R. 3.10. Similarly, the Court has the "inherent power" to dismiss a case for lack of prosecution under its authority to manage its docket. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).

Odonoghue has not diligently prosecuted this case. He ignored the Court's order and refuses to file an amended IFP application or pay the filing fee. These actions show a lack of interest. Thus, the Court should dismiss this matter without prejudice.

It is thus **RECOMMENDED** that Plaintiff's complaint be dismissed without prejudice for lack of prosecution.

**ENTERED** in Fort Myers, Florida this July 8, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from

2

the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.